ALFREDO NAZARIO, ETC., in representation and on behalf of worker TEÓFILO VILLAVICENCIO, Plaintiffs and Appellants, v. JOYERÍA GORDONS, INC. and LOUIS GOLDSTEIN, Defendants and Appellees.

No. R-70-87.     Decided February 2, 1971.

*Ángel Alfonso Colón* and *Rafael A. Marzán Robles* for appellants. *Ramón Cancio* for appellees.

PER CURIAM: Teófilo Villavicencio started to work for Joyería Gordons, Inc., on May 18, 1960. On August 1, 1961, he was promoted to a position as executive in the aforementioned firm, position which he discharged until February 29, 1964.

On November 23, 1966, he filed a complaint to recover wages for extra hours worked during the period comprised between May 18, 1960 and July 31, 1961.

Defendants allege that the term to institute the action should begin to run as of July 31, 1961, when he was pro-

moted to the executive position and not since February 29, 1964, when he ceased as employee. The trial court agreed with them and determined that the action had prescribed.[1] We agreed to review.

Before the approval of the Minimum Wage Act of 1956, following the provision of § 1867 of the Civil Code, 31 L.P.R.A. § 5297, we decided in *Muñoz* v. *District Court*, 63 P.R.R. 226 (1944) and *Vicenty* v. *Corona Brewing Corporation*, 73 P.R.R. 131 (1952), that the term to institute actions to recover wages from an employer begins to run from the time the worker ceases to render a particular service. That is, that if he began to discharge a different function for the same employer, the term to institute the action begins to run as established in § 1867 of the Civil Code, "from the time the respective services had ceased to be rendered." But in the year 1956 the Legislature, in enacting the new Minimum Wage Act, changed this rule and specifically established in § 32, 29 L.P.R.A. § 246d, the same term of three years provided in § 1867, but it provided that "For the purpose of the prescription of such action the time shall be reckoned from the date the employee ceased in his employment with the employer" and that "In connection with the limitation of actions provided in this section, a change in the nature of the work of the employee shall not constitute a novation of the contract of hire."[2]

We cannot agree with the trial court in that claimant "ceased in his employment with the employer" when he was promoted to an executive position.

In a case instituted in the Superior Court, San Juan Part, *Pedro J. García Román* v. *Fajardo Eastern Sugar*,

---

[1] Section 32 of the Minimum Wage Act of 1956, 29 L.P.R.A. § 246(d), establishes a term of three years to institute the action.

[2] In *Secretary of Labor* v. *Superior Court*, 91 P.R.R. 831 (1965), we held that the term established by § 32 of the Minimum Wage Act of 1956 was one of extinguishment. But, see Act No. 106 of June 6, 1967, amending said section.

*C. Brewer Puerto Rico, Inc.*, Civil 62-1314, this same question was raised. It was decided that the action had not prescribed. We refused to review. Below is the reasoning of the trial court: "As to the prescription of the action of those time-keepers who later on were promoted to assistant field superintendents, we do not believe that the time begins to run as of the time of the promotion. Defendant's argument, although extremely ingenuous and well-elaborated, is contrary to the spirit of the law. In granting the worker three years, after he has ceased in his employment, as the term to institute his action, the lawmaker had in mind the pressures to which the worker could be submitted by his employer, pressures not existing after the labor-management relations have ceased. Although it is true that the assistant field superintendents, by reason of being executives, are not covered by the labor legislation, it is nonetheless true that they continued to be defendant's employees. As such employees they continued to be subject to the emotional pressures in consideration of which the lawmaker granted a term of three years to institute the action claiming wages after the worker has ceased in his employment." See *Agostini v. Superior Court; P.R. Lighterage, Int.*, 82 P.R.R. 213 (1961) and *Rodríguez v. Eastern Sugar Associates*, 82 P.R.R. 563 (1961).

The judgment rendered by the Superior Court, San Juan Part, will be reserved and the case will be remanded for further proceedings.

Mr. Justice Santana Becerra and Mr. Justice Ramírez Bages did not participate herein.